**IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS SHERMAN DIVISION**

| | |
|---|---|
| **IGOR KRAVETS** § | |
| Plaintiff, § | |
| § | |
| § | Case _____ |
| v. § | |
| § | |
| **PLANO HOUSING AUTHORITY –** § | |
| **SECTION 8 HOUSING** § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW the Plaintiff herein, **IGOR KRAVETS**, and hereby files this Plaintiff's Original Petition against the Defendant herein, **PLANO HOUSING AUTHORITY**, and will show that the Defendant wrongfully discriminated against the Plaintiff in denying the Plaintiff a Housing Voucher needed to secure an apartment for his living needs.

**I. Name of Parties and Service of Process**

  a. **Plaintiff Igor Kravets** is a married male who resides at the Post Oak Apartments, at 2601 McKinney Ranch Parkway #1301, Collin County, McKinney, Texas 75070.

  b. **Defendant Plano Housing Authority (PHA) – Section 8 Housing -** can be served with process upon K. Teague, Hearing Officer Plano Housing Authority 1740 Avenue G, Plano, TX 75074.

**Jurisdiction and Venue**

  1. The subject matter in controversy is within the jurisdictional limits of this court. The Court has jurisdiction over the parties because the **Plaintiff** and **Defendant** both reside in Collin County, Texas.

  2. Venue in Collin County, Texas is proper in this cause of action because under Section 15.002(a)(1) of the ***Texas Civil Practice and Remedies Code*** all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Collin County.

### II.     Discovery Control Plan

The Plaintiff intends that discovery be conducted under **Discovery Level 2.**

### III.    Timeline of Facts of the Case

**May 2017**     Plaintiff Igor Kravets has been a resident of PHA – Section 8 Housing since 2010, and has been living in apartment #1301 by himself since May of 2017. Mr. Kravets' rent voucher provided by the Housing Authority was for an amount of $257 which entitled him to a one-bedroom unit  including water.  All other utilities are paid by Mr. Kravets. His rent is current and he has never been behind in paying his monthly rent.

**12/21/17**     Plaintiff suffered a severe left knee and ankle injury and surgery was performed initially on December 21, 2017 and a second surgery was performed in March of 2018. He not only was unable to do any type of work, but could not feed himself, could not dress himself, could not clean his apartment, bathe or toilette without assistance, and could also not move around his apartment without help.

**12/21/17**     Dr. Haslam, on May 6, 2019, wrote a letter explaining that Yuliya Martin needed to assist Igor Kravets and actually did so from 12/21/17 to 10/15/18 to aid in his recovery from knee surgery.

**01/29/18**      Although Yuliya Martin spent time at Plaintiff's apartment caring for Mr. Kravets, she always continued to maintain her own housing with a lease for an apartment at 1702 Hackberry Ranch Drive, Allen, Texas for the period 1/29/2018 through 1/28/2019.

**10/31/18**     Yuliya Martin went to Kiev, Ukraine to visit family and friends on 10/31/18 and returned on 1/31/19.

**02/08/19**     On February 8, 2019, Igor Kravets marries Yuliya Martin.

**02/22/19 – 03/11/19**    After the marriage, Yuliya's doctor, Dr. Rajala, had to make an emergency referral to admit Yuliya Martin to Medical City of Dallas where she was treated from 03/12/19 until 04/16/19 and then was released. Yuliya Martin still residing at 1702 Hackberry Ranch Drive, Allen, Texas.

**02/12/19**     Even after marrying Igor, Yuliya continued to live in her apartment in Allen, Texas since she had no way of moving her furniture and possessions to the Kravets' residence. Mr. Kravets could not help in any way due to his ongoing knee and ankle injuries and there were no funds to hire a moving company.  Then, on February 12, 2019, Mr. Kravets, notified supervisor

K. Teague of the PHA-Section 8 Housing that Yuliya Martin would shortly be moving into in his apartment. Section 8 admits that they received Mr. Kravets notice of future occupancy, but have informed him that he will have to wait at least seven business days before he can receive a copy of this form. The time period for providing the necessary information needed by Title 8 expires on May 31, 2019—and June 1st or June 2nd will be too late to settle the dispute—so Mr. Kravets loses and PHA wins by Default!  Reason for obtaining a TRO before the May 31 deadline!

**3/12/19-04/16/19**    Dr. Rajala admits Yuliya Martin to Medical City of Dallas. A month later she is released from Medical City. Yuliya Martin remains under Dr. Rajala's daily and constant care until 05/14/19.

**3/16/19-3/20/19**    **Reason for the Dispute with PHA** – Tax Accountants for Kravets and Martin, from Alpha Payroll and Accounting Company, filled an IRS Form 1040 mistakenly thinking that the couple were married in 2018 and not 2019. PHA Supervisor Dave Young claims that Kravets presented a tax form with dependents that Kravets never mentioned to the Section 8 personnel. Mr. Kravets claims that the tax preparer made a mistake on the 2018 tax return. Four days later, the tax preparer rectified his mistake by preparing an Amended 2018 Form 1040 showing no dependents for tax year 2018. Igor Kravets e-mails his Original Tax Form to the Plano Housing Authority - Section 8 Housing, and then sends his Amended Tax Return 1040X signed by Igor and his wife to the PHA-Section 8 Housing. The mistake in dependents was settled and should not be an issue with the PHA and Supervisor Dave Young—except the tax return still remains a serious violation, and Supervisor Young gives notice to Igor Kravets that his rental vouchers will be discontinued as of **May 31, 2019!**

**4/19/19**    In preparation of the family move to a two-bedroom unit in the Post Oaks Apartments which is paid by a PHA voucher for $257, Igor requested from Property Manager Nancy Martinez a Tenant Rental Review of his time residing in Unit #1301. The Manager prepared a glowing letter that there are no balances owed and no lease violations for the apartment of Igor Kravets.

**05/16/19**    To clear up Yuliya Martin's residency situation, Shakir Zebari, landlord of Yuliya Martin affirms that Yuliya still resides at 1702 Hackberry Ranch Drive (and thus not living with Igor at Unit #1301).

**05/26/19**     The owner of Alpha Payroll and Accounting Company, Greg Kilton, also tries to rectify the tax return problem by submitting a notarized affidavit as to what actually happened with the income taxes of Igor Kravets and this matter should now be settled.

**Reason for Plaintiff's Notice of Eviction** – Although Plaintiff had a good tenant history with no acts of violence against other tenants or tearing up the apartment, nor any notations on his Tenant Occupancy Record about drinking or drug use, and with his rent always paid in advance, PHA-Section 8 required Mr. Kravet's last tax return which Mr. Kravets furnished by e-mail on 3/21/2019. Mr. Kravets, without reviewing his return (which neither he nor his wife, would ever be unable to understand) was signed by both parties and submitted.

The PHA - Section 8 stated that Plaintiff's 2018 tax return showed a wife and child as dependents going back to 2018, which Mr. Kravets had not previously declared. Plaintiff did not know how his tax preparer could have made that mistake because he did not tell the tax preparer that he was married in 2018. All he told the preparer was that he was "married". The preparer assumed it was in 2018.

Later it was learned from the tax preparer that when he asked Mr. Kravets in March 2019 if he was married and Igor said, "Yes". The preparer thought that Mr. Kravets was married in 2018 and if a taxpayer is married at any time during the tax year, then they are deemed married for the entire year.

The tax preparer admits his mistake and prepared an Amended Tax Return for 2018, filed it with the IRS, and at present, this change is being processed by IRS. However, on April 30, 2019, after the Statutory Hearing was held to determine if the tenant was to be removed from tenant status, the Supervisor K. Teague (under the supervision of Dave Young) went ahead and refused to reverse her previous finding that the tenant had wrongfully failed to declare dependents without informing the Housing Authority of the change, and therefore Plaintiff's last date of subsided housing was to be May 31, 2019. After that date Plaintiff, his wife, and now two children, will have to pay market rent instead of his current subsisted rent of $257. This Petition with the Court is to stop that great injustice to a man, his wife and two children who are innocent of this apparent mis-communication between all of the parties concerned.

\

**Prayer for Relief**

Plaintiff prays that this Court grant the Plaintiff's request for a Temporary Injunction and sign the enclosed Order of the Court. The whole misunderstanding was that Plaintiff was not allowed to have a fair hearing and not allowed to present all of his evidence. JUSTICE must be done for the Gravest Family.

Respectfully submitted,

**/s/ Charles J. Paternostro**
Charles J. Paternostro,
Texas State Bar #15569000
1485 Elm Ridge Road
Denison, Texas 75020
(972) 740-1456
Attorney for Plaintiff
thepatlawfirm@aol.com

**Certificate of Service**

The above **Plaintiff's Original Petition** was sent to the Attorney the Plano Housing

kteague@PlanoHA.org

and

dyoung@planoHA.org

/s/ **Charles J. Paternostro**